UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. SNIPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00346 |
| v. | ) |
| | ) |
| PRESBYTERIAN CHURCH (USA), | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Steven L. Snipes, a resident of Murfreesboro, Tennessee, filed a pro se complaint, alleging violations of his civil rights, among other claims, based on his ancestor having provided "enslaved labor" during the construction of the Denmark Presbyterian Church. (Doc. No. 1). Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion for Temporary Restraining Order (Doc. No. 6).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a

privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Because his IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a a Motion for Temporary Restraining Order ("TRO") (Doc. No. 6) in which he asks the Court to freeze Defendants' liquid assets, temporarily seize the Denmark Presbyterian Church, order a court-appointed forensic accountant to audit Defendants' finances, and direct expedited discovery into "Defendants' slave-denial funding." (Id. at PageID# 17-18). As explained below, however, the Court cannot consider the merits of the motion in its current form.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D.

Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiff's request for a TRO was made by written motion separate from the complaint, it was not supported by a verified complaint and the request was not accompanied by a memorandum of law. It also did not explain any effort made by Plaintiff to give notice of the TRO motion to Defendants or why notice should not be required.

Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate his motion seeking immediate emergency relief on the merits. Accordingly, the Court **DENIES** Plaintiff's TRO motion. (Doc. No. 6). The denial is without prejudice to Plaintiff's ability to file a procedurally compliant motion, if appropriate.

### III. CONCLUSION AND REFERRAL

As Plaintiff alleges violations of federal law (see Doc. No. 1 at PageID# 1), it appears that Plaintiff has successfully invoked this Court's subject matter jurisdiction. Accordingly, the Clerk of Court is **DIRECTED** to send to Plaintiff service packets (a blank summons and USM 285 form) for Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the completed service packets, the Clerk is **DIRECTED** to **ISSUE PROCESS** to Defendants. Plaintiff is advised that failure to return the completed service packets in a timely manner may result in the dismissal of his case.

Information for pro se litigants is available free of charge on the Court's website at https://www.tnmd.uscourts.gov/pro-se-nonprisoner-litigation-self-help-resources and in print at the Clerk's Office front counter, unless the privilege is abused.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE