UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. SNIPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00346 |
| v. | ) |
| | ) |
| PRESBYTERIAN CHURCH (USA), *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Steven L. Snipes, a resident of Murfreesboro, Tennessee, filed a pro se, in forma pauperis complaint, alleging violations of his civil rights, among other claims, based on his ancestor having provided "enslaved labor" during the construction of the Denmark Presbyterian Church. (Doc. No. 1).

Plaintiff previously filed a Motion for Temporary Restraining Order ("TRO motion") (Doc. No. 6), which the Court denied by Order entered on April 2, 2025. (Doc. No. 8).

Plaintiff has filed a second TRO motion (Doc. No. 9) along with a Memorandum in Support (Doc. No. 10), a Proposed Order Granting Judicial Notice (Doc. No. 11), an Amended Verified Complaint (Doc. NO. 12), and an Affidavit (Doc. No. 13). His motion asks the Court to freeze Defendants' liquid assets and "operational revenue" and set an expedited hearing within seven days. (Id. at PageID# 26).

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel,

1

759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiff's TRO motion complies with all other procedural requirements, Plaintiff's motion does not indicate that he has conferred with defense counsel or Defendants about the TRO. Plaintiff, who is proceeding pro se, appears to conflate the requirement of serving the complaint[1] with the requirement to give notice to Defendants of his request for a TRO. (See Doc. No. 13). Plaintiff therefore has not carried his burden to show that he provided notice and the "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B). See Lane v. Pennymac Loan Servs., LLC, No. 1:24-cv-1227-STA-jay, 2024 WL 5411524, at *6 (W.D. Tenn. Dec. 17, 2024) (denying TRO motion without prejudice because plaintiff had failed to certify in writing any efforts to give notice or the reasons why notice should not be required). That burden applies equally to pro se plaintiffs and represented parties' counsel. See Harcrow v. Harcrow, No. 3:18-cv-00828, 2018 WL 5112532, at *3 (M.D. Tenn. Oct. 19, 2018) (citing Turner v. Clelland, No. 1:15CV947, 2016 WL 1069665, at *3 (M.D.N.C. Mar. 16, 2016) (collecting cases); Valladares v. Nationstar Mortg. LLC, No. CV 15-8514-GW(GPSX), 2015 WL 12866245, at *3 (C.D. Cal. Nov. 5, 2015)).

---

[1] The Court makes no representations herein as to whether Plaintiff has properly served Defendants in compliance with Federal Rule of Civil Procedure 4.

In short, Plaintiff has requested extraordinary relief but failed to take the steps required under Rule 65(b)(1) to receive it. His motion (Doc. No. 9) is **DENIED** without prejudice to Plaintiff's ability to file a procedurally compliant motion, if appropriate.

This case remains on referral to the Magistrate Judge.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE