UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. SNIPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00346 |
| v. | ) |
| | ) |
| PRESBYTERIAN CHURCH (USA), *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Steven L. Snipes, a resident of Murfreesboro, Tennessee, filed a pro se, in forma pauperis complaint, alleging violations of his civil rights, among other claims, based on his ancestor having provided "enslaved labor" during the construction of the Denmark Presbyterian Church. (Doc. No. 1).

Plaintiff previously filed two Motions for Temporary Restraining Order ("TRO") (Doc. Nos. 6, 14), which the Court denied without prejudice by Orders entered on April 3, 2025 (Doc. No. 13) and April 4, 2025 (Doc. No. 14), respectively.

Plaintiff now has filed a third TRO motion (Doc. No. 20) along with a Memorandum (Doc. No. 21) and Affidavit (Doc. No. 22) in support. His motion asks the Court to freeze Defendants' liquid assets and "operational revenue" and set an expedited hearing within seven days, among other requests. (Id. at PageID# 176).

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel,

1

759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Notwithstanding these requirements, the Court cannot rule on Plaintiff's TRO motion as submitted. Plaintiff failed to sign the motion and the memorandum he filed in support of the motion. Federal Rule of Civil Procedure 11(a) requires that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Thus, the submitted documents fail to comply with the signature requirement of Federal Rule 11(a), and the Court cannot consider the motion.

However, even if Plaintiff had signed his TRO motion and accompanying memorandum, the motion does not indicate that he has conferred with defense counsel or Defendants about the TRO. Plaintiff therefore has not carried his burden to show that he provided notice and the "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B). See Lane v. Pennymac Loan Servs., LLC, No. 1:24-cv-1227-STA-jay, 2024 WL 5411524, at *6 (W.D. Tenn. Dec. 17, 2024) (denying TRO motion without prejudice because plaintiff had failed to certify in writing any efforts to give notice or the reasons why notice should not be required). That burden applies equally to pro se plaintiffs and represented parties' counsel. See Harcrow v. Harcrow, No. 3:18-cv-00828, 2018 WL 5112532, at *3 (M.D. Tenn. Oct. 19, 2018) (citing Turner v.

Clelland, No. 1:15CV947, 2016 WL 1069665, at *3 (M.D.N.C. Mar. 16, 2016) (collecting cases); Valladares v. Nationstar Mortg. LLC, No. CV 15-8514-GW(GPSX), 2015 WL 12866245, at *3 (C.D. Cal. Nov. 5, 2015)).

Accordingly, the TRO motion (Doc. No. 20) is **DENIED** without prejudice to Plaintiff's ability to file a procedurally compliant motion, if appropriate, which includes a handwritten signature, among other requirements.

This case remains on referral to the Magistrate Judge.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE