# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. SNIPES, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00346 |
| PRESBYTERIAN CHURCH (USA), *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Steven L. Snipes, a resident of Murfreesboro, Tennessee, filed a pro se, in forma pauperis complaint, alleging violations of his civil rights, among other claims, based on his ancestors having provided "enslaved labor" during the construction of the Denmark Presbyterian Church in 1854. (Doc. No. 1). Plaintiff later filed an Amended Verified Complaint (Doc. No. 12) in which he added claims under 42 U.S.C. § 1981. Plaintiff also brings claims under Tennessee's Uniform Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-301 et seq.

Plaintiff previously filed three procedurally deficient Motions for Temporary Restraining Order ("TRO") (Doc. Nos. 6, 9, 20), which the Court denied with prejudice by Orders entered on April 2, 2025 (Doc. No. 8), April 4, 2025 (Doc. No. 14), and April 25, 2025 (Doc. No. 30), respectively. Plaintiff subsequently filed a procedurally-compliant TRO motion (Doc. No. 32), which the Court denied by Memorandum Opinion and Order entered on May 6, 2025 (Doc. No. 37). In so doing, the Court found that Plaintiff had not demonstrated a strong likelihood of success on the merits of his federal claims nor shown that he would be irreparably harmed absent the issuance of an injunction. (Id. at 3-8).

1

Plaintiff now has filed two Motions for Preliminary Injunction (Doc. Nos. 25, 53). In his first motion, Plaintiff seeks a preliminary injunction "enjoining Defendant Presbyterian Church (USA) from transferring or concealing funds derived from operations related to the Denmark Presbyterian Church and requiring the preservation of financial records relevant to that labor and its legacy." (Doc. No. 25 at 1). In his second motion, Plaintiffs seeks a preliminary injunction "preventing Defendants from selling, transferring, or otherwise altering assets, property, or records tied to Denmark Presbyterian Church." (Doc. No. 53 at 2).

Having received no response in opposition to the first motion, the Court directed Defendants to respond to the later-filed motion (Doc. No. 55). Defendants have now responded in opposition. (Doc. Nos. 56, 62). Plaintiff's motions are ripe for review, and the Court finds that no evidentiary hearing is needed before ruling on the motions.

## I. LEGAL STANDARD

When determining whether to issue a preliminary injunction under Federal Rule of Civil Procedure 65, the Court considers four factors: (1) whether the movant has shown a strong likelihood of success on the merits of the controversy; (2) whether the movant is likely to suffer irreparable harm without an injunction; (3) whether an injunction would cause substantial harm to the opposing party or others; and (4) whether the public interest would be served by the issuance of an injunction. Daunt v. Benson, 956 F.3d 396, 406 (6th Cir. 2020) (citing Bays v. City of Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012)); see Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Generally speaking, "district courts weigh the strength of the four factors against one another," in what is commonly described as a "balancing test." D.T. v. Sumner Cnty. Schs., 942 F.3d 324, 326 (6th Cir. 2019). However, the inquiry is not a pure balancing test because the second factor—irreparable injury absent the injunction—must be present for the court to issue

the requested preliminary injunction. Id. at 326-27 (6th Cir. 2019) ("[E]ven the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.' That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit.") (quoting Friendship Materials, Inc. v. Mich. Brick, Inc., 679 F.2d 100, 105 (6th Cir. 1982)). Thus, "although the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory." Id. at 327.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiffs seeking a preliminary injunction may not merely rely on unsupported allegations, but rather must come forward with more than "scant evidence" to substantiate their allegations. See, e.g., Libertarian Party of Ohio v. Husted, 751 F.3d 403, 417 (6th Cir. 2014); McNeilly, 684 F.3d at 614 (upholding denial of preliminary injunction when plaintiff made only a "small showing" of evidence); Cameron v. Bouchard, 815 F. App'x 978, 986 (6th Cir. 2020) (vacating preliminary injunction when plaintiffs made no evidentiary showing on some elements of their claim, but instead relied on mere allegations); United States v. Certain Land Situated in City of Detroit, No. 95-1118, 1996 WL 26915, at *1 n.1 (6th Cir. Jan. 23, 1996) (affirming denial of a preliminary injunction where the district court relied on a lack of evidence to support speculative allegations); Boulding v. Corr. Med. Servs., No. 06-cv-811, 2008 WL 2095390, at *1

3

(W.D. Mich. Feb. 11, 2008), report and recommendation adopted, 2008 WL 2095387 (W.D. Mich. May 15, 2008) ("Plaintiff did not marshal any evidence in support of his motion [for a preliminary injunction]. Plaintiff's unsupported allegations do not suffice.").

The decision whether to grant a preliminary injunction is a matter within the discretion of the district court. Tenn. Scrap Recyclers Ass'n v. Bredesen, 556 F.3d 442, 447 (6th Cir. 2009).

## II. ANALYSIS

A.  Likelihood of Success on the Merits

Plaintiff alleges three claims, which he identifies as "Counts," in his Amended Complaint: Count 1: 13th Amendment Violation, Count 2: Fraudulent Conveyance, and Count 3: 42 U.S.C. § 1981. (Doc. No. 12 at 2).

In evaluating Plaintiff's fourth TRO motion, the Court found that Plaintiff failed to demonstrate a strong likelihood of success on the merits of his federal claims because, in the Court's view, his claims likely are precluded by the political question doctrine. (Doc. No. 37 at 4-6). Plaintiff presents no new argument as to this factor. Both Defendants have since filed Motions to Dismiss, raising new arguments for the Court to consider. For example, in its Motion to Dismiss, Defendant Presbyterian Church (U.S.A.) asserts that, while Plaintiff identifies "Presbyterian Church (USA)" as a Defendant, the Presbyterian Church (U.S.A) ("the Denomination") is not a corporation or other legal entity capable of being sued. (Doc. No. 54-1 at 2). According to the A Corporation, the Denomination "is an unincorporated body of Reformed Christians who have agreed to conduct their worship and other religious activities in conformity with the then-current version of the Denomination's Constitution." (Id.) Moreover, argues the A Corporation, it has never owned the building or other assets connected with the Denmark Presbyterian Church. Defendant Big Black Creek Historical Association ("BBCHA"),

4

Case 3:25-cv-00346    Document 63    Filed 06/30/25    Page 4 of 7 PageID #: 403

in addition to other cogent arguments, argues that Plaintiff lacks standing to bring his federal claims (Doc. No. 44 at 4-8), an issue which the Court declined to address in its previous Memorandum Opinion and Order, given the Court's belief that Plaintiff's claims likely present nonjusticiable political questions. (Doc. No. 37 at 4 n.2).[1]

Accordingly, with respect to the first factor—whether Plaintiff has demonstrated a strong likelihood of success on the merits—the Court sees no reason to alter its previous analysis and conclusion. The burden is on Plaintiff to justify the extraordinary relief he seeks, McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012), and Plaintiff has not met his burden.

B. Irreparable Harm

The second factor the Court considers is whether Plaintiff will suffer irreparable harm absent the issuance of the requested injunction. Plaintiff maintains there is an immediate risk that Defendants may transfer or conceal property, financial assets, and/or records relevant to this case. (Doc. Nos. 25 at 1, 53 at 2). In previously finding that Plaintiff had not demonstrated irreparable harm, the Court noted that Plaintiff had not provided any affidavits or testimony, beyond his own, to support his claim that Defendants may transfer or conceal the property, assets, and records at issue. (Doc. No. 37 at 7). Plaintiff's current Motions for a Preliminary Injunction likewise fail to provide any evidence based on personal knowledge to suggest an immediate risk that, in the absence of an injunction and during the pendency of this action, either Defendant will transfer or sell assets or property to which Plaintiff asserts an interest or alter any discoverable or evidentiary records. Moreover, as Defendant BBCHA points out, it already has a duty not to engage in the very conduct Plaintiff seeks to enjoin. (Doc. No. 56 at 9) (citing Payne

---

[1] At that time, the Court likewise declined to undertake a timeliness analysis, finding that the record was not sufficiently developed. (Doc. No. 37 at 5 n.3). Both Defendants address the timeliness of Plaintiff's claims to some extent in their recently-filed Motions to Dismiss. (See Doc. Nos. 44 at 23, 54-1 at 13).

v. Genovese, No. 3:17-cv-1410, 2018 U.S. Dist. LEXIS 136391, *5-6 (M.D. Tenn., July 23, 2018) (declining to enter a preliminary injunction enjoining "Defendants from destroying evidence"), report and recommendation adopted by 2018 U.S. Dist. LEXIS 136388 (M.D. Tenn. Aug. 13, 2018); see id. at *6 ("[There is no need for the Court to enter an order directing Defendants to do what they have been obligated to do since the beginning of this litigation, if not before").

Plaintiff cannot "merely rely on unsupported allegations" to show that he will be irreparably harmed absent an injunction. Doe #11 v. Lee, 609 F. Supp.3d 578, 592 (M.D. Tenn. June 16, 2022). His unsupported allegations do not suffice.

Thus, with respect to the second factor, the Court sees no reason to alter its previous analysis and conclusion. Plaintiff has not demonstrated that he will be irreparably harmed absent the injunction he seeks. See D.T. v. Sumner Cnty. Schs., 942 F.3d 324, 326-37 ("[E]ven the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.' That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit.") (quoting Friendship Materials, Inc. v. Mich. Brick, Inc., 679 F.2d 100, 105 (6th Cir. 1982)).

Having found that Plaintiff has not demonstrated a strong likelihood of success on the merits nor has he shown that he will be irreparably harmed absent the injunctive relief he seeks, the Court declines to examine the remaining two factors—substantial harm to others and public interest. See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) ("The district judge 'is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.'" (quotation omitted)); Mascio v. Pub. Emps. Ret. Sys. of Ohio, 160

F.3d 310, 315 (6th Cir. 1998) (affirming the district court's issuance of a preliminary injunction based on the district court's conclusion that the plaintiff showed a likelihood of success on the merits); Blount Pride, Inc. v. Desmond, 690 F. Supp.3d 796, 802 (E.D. Tenn. 2023) (when the court is able to determine the propriety of a temporary restraining order by relying on fewer than all four factors, it may do so).

### III. CONCLUSION

Plaintiff has not shown that the circumstances clearly demand the extraordinary remedy of a preliminary injunction. Accordingly, Plaintiff's Motions for Preliminary Injunction (Doc. Nos. 25, 53) are **DENIED**.

This case remains on referral to the Magistrate Judge.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE