**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| STEVEN L. SNIPES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:25-cv-00346 |
| | ) |
| PRESBYTERIAN CHURCH (USA), et | ) |
| al., | ) |
| | ) |
|     Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 110) recommending that the Court grant Big Black Creek Historical Association, Inc.'s ("Black Creek") Motion to Dismiss (Doc. No. 99) and Presbyterian Church (U.S.A.), A Corporation's ("Presbyterian Church") Motion to Dismiss (Doc. No. 103), and deny Steven Snipes' Motion for Limited Jurisdictional Discovery (Doc. No. 106). Snipes, proceeding *pro se*, filed timely objections to the R&R. (Doc. No. 112). Presbyterian Church responded (Doc. No. 114). The objections are ripe for review. For the following reasons, Snipes' objections will be overruled, the R&R will be adopted.

## I.    Background

Snipes "seeks redress for [his ancestors'] unpaid slave labor used to construct the Denmark Presbyterian Church in 1854." (Doc. No. 110 at 1). He sues Presbyterian Church, Black Creek, Restorative Actions Fund – Afro-American Individuals & Communities, Presbytery of the Mid-South, and John and Mary Does 1–25, (<u>Id.</u> at 2), because they benefited from the Denmark Presbyterian Church. (<u>Id.</u> at 2–3).

The Magistrate Judge recommends dismissing this case for lack of subject matter jurisdiction, because Snipes claims they present a political question. (Doc. No. 110 at 8). The R&R also recommends that the Court decline to exercise supplemental jurisdiction over the state law claims and deny the motion for discovery as moot. (Id.).

## II.     Standard of Review

The Federal Rules of Civil Procedure provide that only "specific written objections" to the Magistrate Judge's R&R are considered "proper" for consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also

> must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections.

M.D. Tenn. L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, objections that "do[] nothing more than state a disagreement with a magistrate's suggested resolution, or simply summariz[e] what has been presented before, [are] not [] 'objection[s]' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, "[t]he failure to properly [or] specifically . . . object

2

to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)).

### III.    Discussion

None of Snipes' objections are properly raised. He does not specifically identify which portions of the R&R to which he objects. (See generally Doc. No. 112). Instead, he lists a "factual timeline" and makes vague, conclusory statements and arguments that are nonresponsive to the R&R. (Id.). Snipes completely fails to address the political question doctrine and does not otherwise explain how this Court has subject matter jurisdiction. His failure to do so means the Court cannot review the R&R de novo. See Fed. R. Civ. P. 72(b)(3).

Notwithstanding Snipes' failure to properly raise objections, the Court has reviewed the Magistrate Judge's R&R and agrees with the R&R. In summary, Snipes' claims implicate a non-justiciable political question—the issue of slavery reparations, which "'has been historically and constitutionally committed to the Legislative and Executive branches of our government.'" (Id.) (quoting In re African-American Slave Descendants Litigation, 304 F. Supp.2d 1027, 1075 (N.D. Ill. 2004)).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

3